

**FILED**

JUN 13 2007

JUN 13, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. WEHRS, JR. ) | |
| ) | 07CV3312 |
| Plaintiff, ) | JUDGE MANNING |
| ) | MAGISTRATE JUDGE COLE |
| vs. ) | |
| ) | Jury Trial Demanded |
| BENSON YORK GROUP, INC. ) | |
| n/k/a NEW CASTLE FINANCIAL ) | |
| SERVICES, LLC, KEVIN BRENNAN, ) | |
| KEVIN WELLS and NORTH ) | |
| AMERICAN CLEARING, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, WILLIAM R. WEHRS, JR, by and through his attorneys, BRUNING & ASSOCIATES, P.C., and for his Statement of Claim against the Defendants, BENSON YORK GROUP, INC, n/k/a NEW CASTLE FINANCIAL SERVICES, LLC, KEVIN BRENNAN, KEVIN WELLS, and NORTH AMERICAN CLEARING, INC., hereby alleges as follows:

### INTRODUCTION

1. This action is brought under §10b of the Securities Exchange Act of 1934 [15 USC §78j(b)], Securities and Exchange Commission Rule 10b-5 [17 CFR §240.10b-5], and common-law fraud, negligence and breach of fiduciary duty actions to recover damages for Defendants' false and untrue representations regarding the Plaintiff's securities account.

## **THE PARTIES AND JURISDICTION**

2. The Plaintiff, WILLIAM R. WEHRS, JR, is an individual residing in the State of Illinois.

3. The Defendant, BENSON YORK GROUP, INC., n/k/a NEW CASTLE FINANCIAL SERVICES, LLC (hereinafter "BENSON"), at all relevant times is or was a corporation organized and existing under the laws of the State of New York and is doing business as a securities exchange broker with its principle place of business at 535 Broad Hollow Road, Melville, New York.

4. The Defendants, KEVIN WELLS (hereinafter "WELLS") and KEVIN BRENNAN (hereinafter "BRENNAN") at all relevant times are or were employees and registered representatives at BENSON and are residents of the State of New York.

5. The Defendant, NORTH AMERICAN CLEARING, INC. (hereinafter "NACI") is a corporation engaged in business as a clearing house and doing business in connection with the NASD.

6. This Court has jurisdiction under §10b and §27 of the Securities Exchange Act of 1934 [15 U.S.C. §78aa] and pendent jurisdiction over the related common-law fraud, negligence and breach of fiduciary duty claims.

7. Venue lies in this District pursuant to §27 of the Securities Exchange Act of 1934 [15 U.S.C. §78aa] because the Plaintiff resides in this District and certain acts or transactions constituting the violations occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At all times mentioned BENSON was the Plaintiff's agent acting for the purpose of conducting sales and purchases of corporate stocks on behalf of the Plaintiff pursuant to a brokerage agreement between BENSON and Plaintiff.

9. On June 23, 2005 pursuant to recommendations of WELLS, the Plaintiff placed an order to purchase, on margin, 4000 shares of Cyberonics, Inc. (hereinafter "CYBX") at $43.75 per share with a $7,500.00 stop loss. The order was placed via telephone by the Plaintiff with Kevin WELLS.

10. During the conversation stated above, the Plaintiff directed WELLS to put a $7,500.00 stop loss on the account with respect to the CYBX stock. Said stop loss would then limit the amount of any loss of value to the Plaintiffs account to no more than $7,500.00.

11. On or about June 24, 2005, the Defendant, by its agent WELLS, without the knowledge, consent or authorization of Plaintiff, purchased, on margin, 4100 shares of CYBX at $46.99 for the Plaintiff. The total amount of the purchase was $192,659.00. The Defendant charged the Plaintiff a commission of $2.33 per share for a total commission of $9,553.00. The clearing house for the transaction is and was Defendant, NACI.

12. On or about June 27, 2005, the Defendant, by its agent WELLS, sold all 4,100 CYBX shares in the account at the price of $44.33 per share. Plaintiff was charged a commission fee of $100.00 for the sale of the stock.

13. Then, at a later time on June 27, 2005, the Defendant, by its agent WELLS, without the knowledge, consent or authorization of Plaintiff, re-purchased, on margin, the 4100 shares of CYBX stock for the Plaintiff's account at $44.33 per share. Said purchase included a

3

commission of $2.19 per share for a total commission of $8979.00 charged to the Plaintiff. The clearing house for the transaction is and was Defendant, NACI.

14. Plaintiff immediately attempted to contact Defendants BRENNAN and WELLS upon learning of the unauthorized purchase and repurchase of the CYBX stock on June 24 and June 27, 2005. However, Plaintiff was unable to speak with WELLS, and left repeated telephone messages for WELLS that were not returned. On Friday, July 15, 2005, Plaintiff was able to contact WELLS by telephone, and WELLS informed Plaintiff that any losses suffered in Plaintiff's account would be reversed on Monday, July 18, 2005, because CYBX had received FDA approval for its product, and the stock would rise to $65.00 per share on July 18, 2007.

15. The CYBX stock did not increase in value on July 18, 2005 as promised by Defendants BRENNAN and WELLS. Instead, the CYBX stock began a slow decline in value.

16. Plaintiff then engaged in a series of communications with BENSON, WELLS and BRENNAN, regarding the losses suffered and the responsibility of BENSON, WELLS and BRENNAN for the losses as a result of the unauthorized transactions.

17. During this period of communications, the CYBX stock continued to decrease in value, and the clearing house NACI began to sell the stock on margin call.

18. Also, during the period of communications, Defendants BENSON, WELLS and BRENNAN made numerous promises and representations to Plaintiff, including, without limitation: that previous commissions totaling approximately $30,000 charged to Plaintiff by BENSON in April and May 2005, would be reversed and credited to his account; that the commissions charged for the unauthorized purchase and re-purchase of the CYBX shares would be credited to Plaintiff's account in the amount of $18,532; that any stock sold by NACI on

4

margin would be repurchased for Plaintiff's account; and that the CYBX stock would steadily increase in value resulting in substantial earnings for Plaintiff.

19. The Defendants, BENSON, WELLS and BRENNAN, have failed and refused, and continue to fail and refuse to honor and perform the promises and representations as alleged hereinabove.

20. Thereafter, Plaintiff contacted Defendant, NACI, and demanded that the stock be sold, yet NACI refused to sell the stock stating that any order to sell the stock must be placed by BENSON.

21. As indicated above, whenever Plaintiff contacted WELLS or BRENNAN at BENSON to sell the stock, said Defendants provided promises and representations to make Plaintiff whole for his losses. Said Defendants did not, however, sell the CYBX stock that had been purchased without authorization.

22. On June 30, 2005, immediately subsequent to the unauthorized purchase of the CYBX stock, PLAINTIFF'S account at BENSON was valued at approximately $60,378.00.

23. The majority of the CYBX shares held in the Plaintiff's account at BENSON have now been sold on margin by NACI.

24. Although Plaintiff did not issue Defendants an express power of attorney authorizing Defendants to make trades in Plaintiff's account without first obtaining Plaintiff's consent, Plaintiff routinely followed Defendants' recommendations and so relied upon Defendants that Defendants were placed in de facto control over the volume and frequency of trading in Plaintiff's account.

25. The current value of Plaintiff's account at BENSON is less than $5,000.00, as a result of the illegal acts of the Defendants.

26. The Plaintiff has suffered losses in excess of $92,000.00 as a result of the unauthorized transactions of the Defendants BENSON, WELLS and BRENNAN, and as a result of the failure and refusal of NACI to the sell the stock when instructed by Plaintiff.

## COUNT I: VIOLATION OF THE SECURITIES ACT RULE 10b-5

27. The Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint as though set forth herein verbatim as for paragraphs 1-26 of this Count I.

28. As set forth more fully above, Defendants, directly or indirectly, by use of the meetings or instrumentalities of Interstate Commerce, or by the use of the mails, in connection with the purchase or sale of securities, have employed devices, schemes, or artifices to defraud, have made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or having engaged in acts, practices, or courses of business which operate or would operate as fraud or deceit upon the Plaintiffs.

29. In particular, as more fully alleged above, the Defendants, BENSON, BRENNAN, and WELLS intentionally made false statements and omissions of material facts to the Plaintiff regarding the stock transactions.

30. The Defendants made the foregoing false statements and omissions with the knowledge and intent that the Plaintiff would rely thereon and be deceived by said statements.

31. The Plaintiff justifiably relied on the Defendants' false statements and omissions for the purchase and sale of said stock.

32. 17 C.F.R. 240.10b-5 (the "Act" provides that it shall be unlawful, "to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

6

33. The Conduct of the Defendants, BENSON, WELLS AND BRENNAN were false and fraudulent and in violation of section 10b-5 of the Act, as follows:

   a. The representations made by Defendants, BENSON, WELLS AND BRENNAN as alleged herein were false and untrue;

   b. Defendants, BENSON, WELLS AND BRENNAN knew at all relevant times that the representations as alleged herein were false and untrue;

   c. Plaintiff was entitled to rely upon the representations made by Defendants, BENSON, WELLS AND BRENNAN as alleged herein;

   d. Plaintiff did in fact rely upon the representations made by Defendants, BENSON, WELLS AND BRENNAN as alleged herein;

   e. Plaintiff has suffered damages as alleged herein as a direct result of the fraudulent and dishonest conduct of the Defendants, BENSON, WELLS AND BRENNAN.

34. BENSON is liable jointly and severally with and to the same extent as WELLS and BRENNAN to Plaintiff, BENSON having control of WELLS and BRENNAN within the meaning of §20(a) of the Securities Exchange Act of 1934 [15 USC §78(t)(a)] and general principles of agency.

35. Defendants acted with the intent to defraud Plaintiff, or with such willful and reckless disregard for the interests of Plaintiff as to be tantamount to an intent to defraud Plaintiff.

36. As a direct result of the violations of Rule 10b-5 of the Act of the Defendant, as described above, the Plaintiff has suffered damages in the amount of $92,000.00.

WHEREFORE, the Plaintiff, WILLIAM R. WEHRS, JR., respectfully requests this tribunal to enter a finding in his favor and against the Defendants, BENSON YORK GROUP, INC., KEVIN WELLS AND KEVIN BRENNAN in the amount of $92,000.00 together with his attorney fees, costs and for such other just and equitable relief as is proper and appropriate.

## COUNT II: NEGLIGENCE

37. The Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint as though set forth herein verbatim as for paragraphs 1 through 26 of this Count II.

38. In the transactions described above, the Defendants were negligent in the following respects:

   a. In failing to disclose to the Plaintiff that margin requirements could increase dramatically;

   b. In selling to the Plaintiff securities that were of high risk and unsuitable for the Plaintiff's account as authorized by the Plaintiff;

   c. In failing to disclose the nature of the investments being recommended for purchase, and in failing to disclose the risks associated with the investments;

   d. In conducting transactions for the account of the Plaintiff in violation of the Defendants operational procedures;

   e. In failing to execute sales for the account pursuant to the instructions from the Plaintiff;

   f. In failing to adequately supervise the representative of the broker, WELLS;

   g. In failing to follow the express directions of Plaintiff regarding the purchase price of the stock and the imposition of the stop loss of $7,500.

39. Benson is liable jointly and severally with and to the same extent as WELLS and BRENNAN to Plaintiff, Benson having control of WELLS and BRENNAN within the meaning of §20(a) of the Securities Exchange Act of 1934 [15 USC §78(t)(a)] and general principles of agency.

40. Defendants acted with the intent to defraud Plaintiff, or with such willful and reckless disregard for the interests of Plaintiff as to be tantamount to an intent to defraud Plaintiff.

41. As a direct result of the negligence of the Defendants, as described above, the Plaintiff has suffered damages in the amount of $92,000.00.

WHEREFORE, the Plaintiff, WILLIAM R. WEHRS, JR., respectfully requests this tribunal to enter a finding in his favor and against the Defendants, BENSON YORK GROUP, INC., KEVIN WELLS AND KEVIN BRENNAN in the amount of $92,000.00 together with his attorney fees, costs and for such other just and equitable relief as is proper and appropriate.

### COUNT III: BREACH OF FIDUCIARY DUTY

42. The Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint as though set forth herein verbatim as for paragraphs 1 through 26 of this Count III.

43. In the transactions described above, the Defendants BENSON, WELLS AND BRENNAN breached the high fiduciary duties owed to the Plaintiff, in that the Defendants administered the Plaintiff's account in a manner that was unprofessional, unreasonable and in direct contravention of its legal and ethical responsibilities.

44. As a direct result of the breach of fiduciary duty of the Defendants, as described above, the Plaintiff has suffered damages in the amount of $92,000.00.

WHEREFORE, the Plaintiff, WILLIAM R. WEHRS, JR., respectfully requests this tribunal to enter a finding in his favor and against the Defendants, BENSON YORK GROUP, INC., KEVIN WELLS AND KEVIN BRENNAN in the amount of $92,000.00 together with his attorney fees, costs and for such other just and equitable relief as is proper and appropriate.

### COUNT IV: COMMON LAW FRAUD

45. The Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint as though set forth herein verbatim as for paragraphs 1-26 of this Count IV.

46. BENSON is liable jointly and severally with and to the same extent as WELLS and BRENNAN to Plaintiff, BENSON having control of WELLS and BRENNAN within the meaning of §20(a) of the Securities Exchange Act of 1934 [15 USC §78(t)(a)] and general principles of agency.

47. Defendants acted with the intent to defraud Plaintiff, or with such willful and reckless disregard for the interests of Plaintiff as to be tantamount to an intent to defraud Plaintiff.

48. The Conduct of the Defendants, BENSON, WELLS AND BRENNAN were false and fraudulent, as follows:

   a. The representations made by Defendants, BENSON, WELLS AND BRENNAN as alleged herein were false and untrue;

   b. Defendants, BENSON, WELLS AND BRENNAN knew at all relevant times that the representations as alleged herein were false and untrue;

   c. Plaintiff was entitled to rely upon the representations made by Defendants, BENSON, WELLS AND BRENNAN as alleged herein;

   d. Plaintiff did in fact rely upon the representations made by Defendants, BENSON, WELLS AND BRENNAN as alleged herein;

   e Plaintiff has suffered damages as alleged herein as a direct result of the fraudulent and dishonest conduct of the Defendants, BENSON, WELLS AND BRENNAN.

49. Defendants acted with the intent to defraud Plaintiff, or with such willful and reckless disregard for the interests of Plaintiff as to be tantamount to an intent to defraud Plaintiff.

50. As a direct result of the dishonest and fraudulent conduct of the Defendants, as described above, the Plaintiff has suffered damages in the amount of $92,000.00.

WHEREFORE, the Plaintiff, WILLIAM R. WEHRS, JR., respectfully requests this tribunal to enter a finding in his favor and against the Defendants, BENSON YORK GROUP, INC., KEVIN WELLS AND KEVIN BRENNAN in the amount of $92,000.00 together with his attorney fees, costs and for such other just and equitable relief as is proper and appropriate.

### COUNT V: BREACH OF FIDUCIARY DUTY AGAINST NACI

51. The Plaintiff repeats and realleges paragraphs 1 through 26 of this Complaint as though set forth herein verbatim as for paragraphs 1 through 26 of this Count V.

52. In the transactions described above, the Defendant, NACI breached the high fiduciary duties owed to the Plaintiff, in that the Defendant administered the Plaintiff's account in a manner that was unprofessional, unreasonable and in direct contravention of its legal and ethical responsibilities.

53. Defendant acted with the intent to defraud Plaintiff, or with such willful and reckless disregard for the interests of Plaintiff as to be tantamount to an intent to defraud Plaintiff.

54. As a direct result of the breach of fiduciary duty of the Defendant, as described above, the Plaintiff has suffered damages in the amount of $92,000.00.

WHEREFORE, the Plaintiff, WILLIAM R. WEHRS, JR., respectfully requests this tribunal to enter a finding in his favor and against the Defendant, Defendants, NORTH AMERICA CLEARING, INC. in the amount of $92,000.00 together with his attorney fees, costs and for such other just and equitable relief as is proper and appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

Respectfully submitted,

WILLIAM R. WEHRS, JR., Plaintiff

By: _____
One of his Attorneys

Kevin Bruning
Andrew Szocka
BRUNING & ASSOCIATES, P.C.
1051 Perimeter Drive, Suite 430
Crystal Lake, IL  60014
(847) 969-1600