# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. WEHRS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 3312 |
| | ) | |
| BENSON YORK GROUP, INC., NEW | ) | Judge Joan H. Lefkow |
| CASTLE FINANCIAL SERVICES, LLC, | ) | |
| KEVIN BRENNAN, and KEVIN WELLS, | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Williams R. Wehrs filed a four-count amended complaint seeking damages from his former securities broker, Benson York Group ("Benson York"), Benson York employees Kevin Brennan and Kevin Wells, and New Castle Financial Services, LLC, the corporation formed subsequent to Benson's dissolution. Wehrs alleges that the defendants are liable for violations of both Section 10b of the Securities Exchange Act of 1934 ("Exchange Act"), codified at 15 U.S.C. § 78j(b), and Securities Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, as well as for common law negligence, breach of fiduciary duty, and fraud. Before the court is defendant Kevin Brennan's motion to dismiss counts I-IV for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Jurisdiction is premised on Sections 10(b) and 27 of the Exchange Act and 28 U.S.C. §§ 1331, 1367. For the following reasons, Brennan's motion [#104] will be granted.

# BACKGROUND[1]

On June 23, 2005, Wehrs placed a telephone order with Kevin Wells to purchase 4,000 shares of Cyberonics, Inc. ("CYBX"), a medical device company, at $43.75 per share. Am. Compl. ¶ 9. Instead, the following day, Wells purchased on margin 4,100 shares of the stock at $46.99 without Wehrs's knowledge, consent, or authorization. Am. Compl. ¶ 11. Wells charged Wehrs a commission of $9,553.00 for this transaction. *Id.* Three days later, Wells sold the stock at $44.33, charging Wehrs a $100 commission fee. *Id.* ¶ 12. Later that same day, again without authorization, Wells repurchased on margin all 4,100 shares of the stock at $44.33, charging a commission of $8,979.00. *Id.* ¶ 13.

After learning of these unauthorized transactions, Wehrs attempted to contact Brennan and Wells. He repeatedly called Wells and left several voicemail messages that were not returned. *Id*. ¶ 14. On July 15, 2005, Wehrs was able to contact Wells, who promised that any losses suffered in Wehrs's account would be reversed because, as a result of receiving FDA approval for a product, CYBX stock would increase in value on July 18, 2007. *Id*. ¶ 14. When the CYBX did not rise in value but began to decline, Wehrs engaged in a series of communications with Benson, Wells and Brennan regarding their responsibility for the unauthorized transactions. In the course of these communications, Benson, Wells and Brennan assured Wehrs that previous commissions from April and May of 2005 totaling approximately $30,000 would be reversed and credited to Wehrs's account, that the commissions charged for the unauthorized purchase and re-purchase of the CYBX shares would also be reversed and credited, that any stock sold by the clearing house on margin would be repurchased for Wehrs's account, and that CYBX stock would steadily increase. *Id.*

---

[1] The following facts are taken from Wehrs's complaint and are accepted as true for the purpose of this motion.

The majority of the CYBX shares held in Wehrs's account have now been sold on margin call by the clearing house. *Id.* ¶ 22. The current value of Wehrs's account at Benson York is less than $5,000. *Id.* ¶ 24. Wehrs has suffered losses in excess of $92,000. *Id.* ¶ 25.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). It will not, however, accept as adequate "abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks* v. *Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Allegations of fraud are subject to the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is met by pleading the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo* v. *Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). In private securities actions, such as this one, the complaint must "'with respect to each act or omission . . . state with particularity the facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Pugh* v. *Tribune Co.*, 521 F.3d 686, 693 (7th Cir. 2008) (quoting 15 U.S.C. § 78u-4(b)(2)).

ANALYSIS

I. Count I: Violation of the Securities Act Rule 10b-5

Wehrs alleges that Brennan violated §10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. §240.10b-5, by making false statements and omissions of material fact regarding the CYBX stock transactions at issue in this suit. To show such violations, Wehrs must establish that Brennan (1) made a false statement or omission; (2) of material fact; (3) with scienter; (4) in connection with the purchase or sale of securities; (5) on which Wehrs justifiably relied; and (6) that the false statement proximately caused Wehrs's damages. *See Caremark, Inc.* v. *Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997) (citations omitted). Brennan argues that Wehrs has failed to state a 10b-5 claim against him because he has made only group pleading allegations that are insufficient to satisfy Rule 9(b)'s pleading standard. The "group pleading doctrine," which refers to a judicial presumption that statements issued by a group or company are attributable to officers who have daily involvement in or control of company operations, has been rejected by the Seventh Circuit. *See Pugh*, 521 F.3d at 693 (citing *Makor Issues & Rights, Ltd.* v. *Tellabs, Inc.*, 513 F.3d 702, 710 (7th Cir. 2008)). Accordingly, Wehrs must "create a strong inference of scienter with respect to each individual defendant." *Id*.

Out of 51 paragraphs in the complaint, only three relate directly to Brennan. The complaint is elusive about when, if ever, Wehrs spoke to Brennan, and what statements Brennan made. Because Wehrs has failed to allege the "who, what, when, where and how" of the fraud in regard to Brennan, it fails to meet Rule 9(b)'s standards. In his opposition to Brennan's motion to dismiss, Wehrs alleges for the first time that Brennan was Wells's Series 24 Supervisor, and that Brennan took control of the account away from Wells shortly after the purchase of CYBX

stock. Pl's Resp. at 2-3. Wehrs also alleges that Brennan failed to supervise Wells, allowed the unauthorized trades to occur and failed to remedy these unauthorized trades in a diligent and professional manner. *Id.* at 4. Wehrs cites paragraphs 18-20 and 28-29 of the amended complaint in support of these facts, however, those paragraphs do not contain such allegations. Paragraph 28 of the amended complaint states that Brennan is a principal with New Castle, but makes no allegations that Brennan was Wells's Series 24 Supervisor. Paragraphs 18-20 make only group allegations in regard to Benson, Wells and Brennan regarding promises made to Wehrs that the commissions charged would be refunded. Because Wehrs's claims sound in fraud and because these additional facts are alleged for the first time in his response, they must be disregarded. *See Kennedy* v. *Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003) (plaintiffs alleging fraud may not supplement the allegations of their complaint by alleging new facts in their brief because fraud must be pleaded with particularity). Moreover, even if the court were to consider these allegations, they would still be insufficient because they are not sufficient to create a strong inference that Brennan knew or recklessly disregarded a substantial risk that the statements made to Wehrs were false. Accordingly, Wehrs's claims against Brennan must be dismissed.[2]

Wehrs will be given an opportunity to replead if he can, consistent with Rule 11 of the Federal Rules of Civil Procedure, plead specific misrepresentations by Brennan, when and where they were made, and how reliance on those misrepresentations resulted in injury.

---

[2] As Wehr's 10b-5 claim was the only claim on which federal question jurisdiction may be premised, the court declines to exercise supplemental jurisdiction over Wehrs's remaining state law claims against Brennan. *See* 28 U.S.C. § 1367(c)(3); *Groce* v. *Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (if the federal question claim is dismissed, the Seventh Circuit's usual practice is to dismiss without prejudice state supplemental claims).

## CONCLUSION AND ORDER

For the foregoing reasons, Brennan's motion to dismiss [#104] is granted. Brennan is dismissed from this suit without prejudice to plaintiff's filing by July 22, 2010, a second amended complaint consistent with this opinion. If a second amended complaint is not filed by that date, the dismissal of Brennan will become a dismissal with prejudice without further order of court.

DATE: July 7, 2010                            ENTER: _____
                                                                                           JOAN HUMPHREY LEFKOW
                                                                                           United States District Judge